```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
ANTHONY KNIGHT,

                        Plaintiff,

          -against-                        MEMORANDUM & ORDER
                                           13-CV-0481(JS)(GRB)
STATE UNIVERSITY OF NEW YORK AT
STONY BROOK,

                        Defendant.
----------------------------------------X
APPEARANCES
For Plaintiff:     Michael G. O'Neill, Esq.
                   Anthony P. Consiglio, Esq.
                   Office of Michael G. O'Neill
                   30 Vessey Street, Suite 301
                   New York, NY 10007

For Defendant:     Toni E. Logue, Esq.
                   NYS Attorney General's Office
                   200 Old Country Road, suite 460
                   Mineola, NY 11501
```

SEYBERT, District Judge:

Plaintiff Anthony Knight ("Plaintiff") commenced this action on January 28, 2013 against defendant State University of New York at Stony Brook ("Defendant") asserting claims of racial discrimination and retaliation under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. ("Title VII"). Currently pending before the Court is Defendant's motion to dismiss the Complaint. For the following reasons, Defendant's motion is GRANTED.

## BACKGROUND[1]

In April 2011, Plaintiff began working as an electrician at a construction project for Defendant. (Compl. ¶ 7.) Plaintiff alleges that he was employed as a "special funds estimate" ("SFE") employee, which "is an accounting device established by the State Controller for paying employees through the New York State payroll system without qualifying them as 'state employees' for purposes of Civil Service and related laws." (Compl. ¶ 8.) Plaintiff worked on Defendant's property and under the direction and control of Defendant's employees. (Compl. ¶ 9.)

In October 2011, Plaintiff discovered the phrase "remember you are still a nigger" written in a portable construction toilet. (Compl. ¶ 11.) According to the Complaint, "Plaintiff believed that this was directed to him, because he was the only Black working in the area." (Compl. ¶ 12.)

Plaintiff reported the writing to his foreman, but it does not appear that the foreman took any action in response. (Compl. ¶ 14.) Plaintiff then reported his complaint to his shop steward and the Vice President of his Union. (Compl.

---

[1] The following facts are taken from Plaintiff's Complaint and are presumed to be true for the purposes of this Memorandum and Order.

2

¶ 15.)  "About a week later, on October 24, 2011, [P]laintiff was terminated."  (Compl. ¶ 16.)

On March 26, 2012, Plaintiff filed a complaint with the New York State Division of Human Rights ("NYSDHR") and those charges were also filed with the United States Equal Employment Opportunity Commission ("EEOC").  (Comp. ¶ 17.)  On October 26, 2012, the EEOC issued Plaintiff a right-to-sue letter.  (Comp. ¶ 18.)

## DISCUSSION

Defendant moves to dismiss the Complaint on the grounds that Plaintiff has not sufficiently alleged that he is an employee under Title VII and that he has failed to state claims for racial discrimination and retaliation.  The Court will first address the applicable legal standard before turning to Defendant's motion specifically.

### I.  Standard of Review

In deciding Rule 12(b)(6) motions to dismiss, the Court applies a "plausibility standard," which is guided by "[t]wo working principles."  Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009); accord Harris v. Mills, 572 F.3d 66, 71-72 (2d Cir. 2009).  First, although the Court must accept all allegations as true, this "tenet" is "inapplicable to legal conclusions;" thus, "[t]hreadbare recitals of the elements of a cause of action, supported by mere

3

conclusory statements, do not suffice." Iqbal, 556 U.S. at 678; accord Harris, 572 F.3d at 72. Second, only complaints that state a "plausible claim for relief" can survive a Rule 12(b)(6) motion to dismiss. Iqbal, 556 U.S. at 679. Determining whether a complaint does so is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id.; accord Harris, 572 F.3d at 72.

In deciding a motion to dismiss, the Court is confined to "the allegations contained within the four corners of [the] complaint." Pani v. Empire Blue Cross Blue Shield, 152 F.3d 67, 71 (2d Cir. 1998). This has been interpreted broadly to include any document attached to the Complaint, any statements or documents incorporated in the Complaint by reference, any document on which the Complaint heavily relies, and anything of which judicial notice may be taken. See Chambers v. Time Warner, Inc., 282 F.3d 147, 152-53 (2d Cir. 2002) (citations omitted); Kramer v. Time Warner Inc., 937 F.2d 767, 773 (2d Cir. 1991).

II. Defendant's Motion and Leave to Replead

Under Title VII, it is unlawful for an employer "to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion,

4

sex, or national origin." 42 U.S.C. § 2000e-2(a)(1). To establish a prima facie case of discrimination, a plaintiff must show that: (1) he is a member of a protected class; (2) he was qualified for the position; (3) he suffered an adverse employment action; and (4) the adverse employment action occurred under circumstances giving rise to an inference of discrimination. See Feingold v. New York, 366 F.3d 138, 152 (2d Cir. 2004); see also McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802, 93 S. Ct. 1817, 36 L. Ed. 2d 668 (1973).

The Supreme Court has held, however, that a plaintiff need not plead the elements of a prima facie case in his or her complaint. Swierkiewicz v. Sorema N.A., 534 U.S. 506, 510, 122 S. Ct. 992, 152 L. Ed. 2d 1 (2002) ("The prima facie case under McDonnell Douglas . . . is an evidentiary standard, not a pleading requirement."). Rather, a complaint need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief," and "giv[ing] the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Id. at 512 (quoting FED. R. CIV. P. 8(a)(2)); Conley v. Gibson, 355 U.S. 41, 47, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957) (internal quotation marks omitted). Thus, reconciling Swierkiewicz with the standards set out in Iqbal and Bell Atl. Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 167 L. Ed.2d 929 (2007), although "a complaint need not establish a prima

5

facie case of employment discrimination to survive a motion to dismiss . . . , the claim must be facially plausible and must give fair notice to the defendants of the basis for the claim." Barbosa v. Continuum Health Partners, Inc., 716 F. Supp. 2d 210, 215 (S.D.N.Y. 2010) (internal quotation marks and citation omitted); accord King v. U.S. Sec. Assocs., Inc., No. 11-CV-4457, 2012 WL 4122025, at *4 (S.D.N.Y. Aug. 22, 2012), adopted by 2012 WL 4327396 (S.D.N.Y. Sept. 18, 2012). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678; accord Turkman v. Ashcroft, 589 F.3d 542, 546 (2d Cir. 2009). "For this conclusion to be drawn, a plaintiff must allege facts that allow the court in substance to infer elements of a prima facie case." King, 2012 WL 4122025, at *5 (collecting cases).

Similarly, to state a claim for retaliation under Title VII, a plaintiff must plead facts demonstrating that: "(1) she participated in a protected activity known to the defendant; (2) the defendant took an employment action disadvantaging her; and (3) there exists a causal connection between the protected activity and the adverse action." Patane v. Clark, 508 F.3d 106, 115 (2d Cir. 2007); accord Kouakou v. Fideliscare N.Y., 920 F. Supp. 2d 391, 400 (S.D.N.Y. Dec. 17,

6

2012). "As with discrimination claims, however, plaintiff is not required to plead facts sufficient to establish a prima facie case of Title VII retaliation in order to survive a Rule 12(b)(6) motion to dismiss." James v. Countrywide Fin. Corp., 849 F. Supp. 2d 296, 311 (E.D.N.Y. 2012); see also Williams v. N.Y.C. Hous. Auth., 458 F.3d 67, 72 (2d Cir. 2006) ("The Swierkiewicz holding applies with equal force to any claim, including retaliation claims . . . , that the McDonnell Douglas framework covers."). Rather, Plaintiff need only provide facts that give the defendant "fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz, 534 U.S. at 512.

With these standards in mind, then, the Court turns to Defendant's motion.

   A. Plaintiff's Employment Status

Under Title VII, an employee is "an individual employed by an employer." 42 U.S.C. § 2000e(f). In parsing out this "rather elliptical statutory definition," the first inquiry is whether the plaintiff has received some form of remuneration from the defendant. York v. Ass'n of Bar of City of N.Y., 286 F.3d 122, 125-26 (2d Cir. 2002). The second step of the inquiry is to consider the thirteen factors articulated in Community for Creative Non-Violence v. Reid, 490 U.S. 730, 751, 109 S. Ct. 2166, 104 L. Ed. 2d 811 (1989). See Eisenberg v. Advance

7

Relocation & Storage, Inc., 237 F.3d 111, 113-14 (2d Cir. 2000); Harrington, 2010 WL 2178504, at *2. These factors are:

> the hiring party's right to control the manner and means by which the product is accomplished[;] . . . the skill required; the source of the instrumentalities and tools; the location of the work; the duration of the relationship between the parties; whether the hiring party has the right to assign additional projects to the hired party; the extent of the hired party's discretion over when and how long to work; the method of payment; the hired party's role in hiring and paying assistants; whether the work is part of the regular business of the hiring party; whether the hiring party is in business; the provision of employee benefits; and the tax treatment of the hired party.

Reid, 490 U.S. at 751-52.

Here, Plaintiff alleges that "[i]n or about April[ ] 2011, [he] became employed by defendant as an electrician at a construction project owned and operated by defendant." (Compl. ¶ 7.) He further avers that "[a]s an SFE employee, [he] worked solely on defendant's property and under the direction of defendant's employees, agents or other SFE employees working under the ultimate control and direction of defendant's employees or agents." (Compl. ¶ 9.) Other than Plaintiff's single, conclusory allegation that he "became employed by defendant," the Complaint is devoid of any allegations pertaining to remuneration from Defendant. Rather, Plaintiff's allegations pertain to the Reid factors. See Keller v.

8

Niskayuna Consol. Fire Dist. 1, 51 F. Supp. 2d 223, 229 (N.D.N.Y. 1999) ("The question of whether a person has received compensation in exchange for services provided, i.e. whether they have been hired, is antecedent to the question of whether she is a hired employee or a hired independent contractor." (internal quotation marks and citation omitted)); see also Wang v. Phoenix Satellite Television US, Inc., --- F. Supp. 2d ----, 2013 WL 5502803, at *8 (S.D.N.Y. Oct. 3, 2013) (dismissing the plaintiff's hostile work environment claim because it was "uncontested that Ms. Wang received no remuneration for her services").

In fact, Plaintiff's opposition states that he "believes that it makes a lot [of] sense simply to refer the Court to Exhibit A of the accompanying O'Neill Declaration, which is a copy of a pay stub provided to plaintiff during his employment with defendant." (Pl. Opp. Br., Docket Entry 5, at 4.) However, as Plaintiff aptly notes in the paragraph just before that statement, Defendant has moved to dismiss pursuant to Rule 12(b)(6), and the Court generally may not look beyond the pleadings. (Pl. Opp. Br. at 4); see supra at 4.

Accordingly, Defendant's motion to dismiss based upon Plaintiff's failure to sufficiently allege that he was an employee of Defendant is GRANTED and the Court need not address the remainder of Defendant's arguments.

9

B.  Leave to Replead

Plaintiff's opposition brief asserts that, if the Court grants Defendant's motion in whole or in part, that Plaintiff should be permitted to "cure any deficiencies by repleading." (Pl. Opp. Br. at 6.)  Defendant essentially asserts that any amendment would be futile.

The Second Circuit has stated that "[w]hen a motion to dismiss is granted, the usual practice is to grant leave to amend the complaint." Hayden v. Cnty. of Nassau, 180 F.3d 42, 53 (2d Cir. 1999); see also FED. R. CIV. P. 15(a)(2) ("The court should freely give leave [to amend] when justice so requires."). "However, a district court has the discretion to deny leave to amend where there is no indication from a liberal reading of the complaint that a valid claim might be stated." Perri v. Bloomberg, No. 11-CV-2646, 2012 WL 3307013, at *4 (E.D.N.Y. Aug. 13, 2012) (citing Chavis v. Chappius, 618 F.3d 162, 170 (2d Cir. 2010)).

Here, given the minimal allegations regarding Plaintiff's status as a potential employee, there is, theoretically, some "indication that a valid claim might be stated." Cuoco v. Mortisugu, 222 F.3d 99, 112 (2d Cir. 2000) (internal quotation marks and citation omitted).  Moreover, Defendant's arguments regarding the viability of Plaintiff's underlying Title VII claims and Plaintiff's opposition thereto

10

suggests that the claims depend, at least in part, on whether Plaintiff--and presumably other union personnel--were employees solely of the union, joint employees of the union and Defendant, or employees of Defendant only.  For example, Defendant maintains that Plaintiff's discrimination claim fails because the only alleged discriminatory behavior was performed by Plaintiff's I.B.E.W., Local 25 supervisor and/or stewards who supervised him, not by Defendant.  (Def.'s Br., Docket Entry 4-1, at 9.)  In opposition, Plaintiff argues that "[s]ince [he] was employed by defendant, he could only have been terminated by the defendant."  (Pl. Opp. Br. at 5.)  Similarly, Defendant moves for dismissal of Plaintiff's retaliation claim in part because only the union, but not Defendant, was aware of any potential protected activity.  (Def.'s Br. at 11.)  As the parties' arguments hinge on Plaintiff's employment status vis-à-vis Defendant, amendment would not necessarily be futile.

      Accordingly, the Court GRANTS Plaintiff leave to replead.

## CONCLUSION

      For the foregoing reasons, Defendant's motion to dismiss is GRANTED, and Plaintiff's Complaint is DISMISSED WITHOUT PREJUDICE and with leave to replead.  If Plaintiff intends to file an Amended Complaint, he must do so on or before

11

November 29, 2013.  If he fails to do so, Plaintiff's claims will be dismissed with prejudice.

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated:     November   12  , 2013
           Central Islip, NY

12

November 29, 2013.  If he fails to do so, Plaintiff's claims will be dismissed with prejudice.

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated:     November   12  , 2013
           Central Islip, NY