```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
ANTHONY KNIGHT,

                    Plaintiff,

          -against-                        MEMORANDUM & ORDER
                                           13-CV-0481(JS)(GRB)
STATE UNIVERSITY OF NEW YORK AT
STONY BROOK,

                    Defendant.
----------------------------------------X
APPEARANCES
For Plaintiff:     Anthony P. Consiglio, Esq.
                   Law Offices of Michael G. O'Neill
                   30 Vest Street,
                   New York, NY 10007

For Defendant:     Toni E. Logue, Esq.
                   NYS Attorney General's Office
                   200 Old Country Road, Suite 460
                   Mineola, NY 11501
```

SEYBERT, District Judge:

Plaintiff Anthony Knight ("Plaintiff") commenced this action against defendant State University of New York at Stony Brook ("Defendant") asserting claims of racial discrimination and retaliation under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. ("Title VII"). Currently pending before the Court is Defendant's motion to dismiss Plaintiff's Amended Complaint. For the following reasons, Defendant's motion is GRANTED IN PART and DENIED IN PART.

## BACKGROUND[1]

The Court presumes general familiarity with the factual background of this case, which is discussed in the Court's November 12, 2013 Memorandum and Order (the "November Order," Docket Entry 11).

Plaintiff alleges that he worked as an electrician at a construction project on Defendant's premises from April 2011, until he was "terminated" on October 24, 2011. (Am. Compl. ¶¶ 7, 17.) According to Plaintiff, Defendant employed him as a "special funds estimate" ("SFE") employee. (Am. Compl. ¶ 8.)

In October 2011, Plaintiff discovered the phrase "remember you are still a nigger" written in a portable construction toilet and believed that it was directed towards him. (Am. Compl. ¶¶ 12-13.) Plaintiff reported the writing to his foreman. (Am. Compl. ¶ 14.) After Plaintiff's foreman said the writing did not offend him, Plaintiff "escalated" his complaint to his shop steward and the Vice President of his Union. (Am Compl. ¶¶ 15-16.) "About a week later, on October 24, 2011, [P]laintiff was terminated." (Am. Compl. ¶ 17.)

Plaintiff commenced this action on January 28, 2013 and Defendant moved to dismiss the Complaint on May 24, 2013. (See Docket Entry 4.) The Court, in its November Order,

---

[1] The following facts are taken from Plaintiff's Amended Complaint and are presumed to be true for the purposes of this Memorandum and Order.

dismissed Plaintiff's Complaint for failure to sufficiently allege that he is an employee of Defendant, but granted leave to replead. (Nov. Order at 9-11.)

Plaintiff's Amended Complaint essentially reasserts the allegations in his original Complaint. However, new to the Amended Complaint are allegations regarding Plaintiff's pay stubs. (Am. Compl. ¶¶ 9-10.) Specifically, Plaintiff alleges that his pay stubs reflect wages paid by Thomas P. DiNapoli, the New York State Comptroller, who was acting as Defendant's agent. (Am. Compl. ¶ 9.) Plaintiff further alleges that such payment from DiNapoli was remuneration for work performed by Plaintiff at Defendant's premises. (Am. Compl. ¶ 10.)

## DISCUSSION

The Court will first address the applicable legal standard on a motion to dismiss before turning to Defendant's motion specifically.

I. Standard of Review

In deciding Rule 12(b)(6) motions to dismiss, the Court applies a "plausibility standard," which is guided by "[t]wo working principles." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009); accord Harris v. Mills, 572 F.3d 66, 71-72 (2d Cir. 2009). First, although the Court must accept all allegations as true, this "tenet" is "inapplicable to legal conclusions;" thus, "[t]hreadbare

3

recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678; accord Harris, 572 F.3d at 72. Second, only complaints that state a "plausible claim for relief" can survive a Rule 12(b)(6) motion to dismiss. Iqbal, 556 U.S. at 679. Determining whether a complaint does so is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id.; accord Harris, 572 F.3d at 72.

In deciding a motion to dismiss, the Court is confined to "the allegations contained within the four corners of [the] complaint." Pani v. Empire Blue Cross Blue Shield, 152 F.3d 67, 71 (2d Cir. 1998). This has been interpreted broadly to include any document attached to the Complaint, any statements or documents incorporated in the Complaint by reference, any document on which the Complaint heavily relies, and anything of which judicial notice may be taken. See Chambers v. Time Warner, Inc., 282 F.3d 147, 152-53 (2d Cir. 2002) (citations omitted); Kramer v. Time Warner Inc., 937 F.2d 767, 773 (2d Cir. 1991).

II. Defendant's Motion

Defendant moves to dismiss Plaintiff's Amended Complaint on the grounds that Plaintiff has not sufficiently alleged that he is an employee under Title VII and that he has failed to otherwise state claims for racial discrimination and

4

retaliation.  (Def.'s Br., Docket Entry 13-1, at 5-12.)  The Court will address each of these arguments in turn.

A. Plaintiff as Employee

Defendant maintains that Plaintiff has not sufficiently alleged that he is an employee of Defendant because the Amended Complaint asserts that Plaintiff is an SFE worker, not necessarily Defendant's employee.  (Def.'s Br. at 7.)  The Court disagrees.

Under Title VII, it is unlawful for an employer "to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin."  42 U.S.C. § 2000e-2(a)(1).  In order for a plaintiff to properly assert a Title VII claim, the plaintiff must be an employee of the defendant.  See Deshpande v. Medisys Health Network, Inc., No. 07-CV-0375, 2010 WL 1539745, at *10 (E.D.N.Y. Apr. 16, 2010) ("Title VII protects employees, not independent contractors." (collecting cases)).

Title VII defines an employee as "an individual employed by an employer."  42 U.S.C. § 2000e(f).  As stated in the November Order (Nov. Order at 7), in parsing out this "rather elliptical statutory definition," the first inquiry is whether the plaintiff has received some form of remuneration

5

from the defendant. See York v. Ass'n of Bar of City of N.Y., 286 F.3d 122, 125-26 (2d Cir. 2002). The second step of the inquiry is to consider the thirteen factors articulated in Community for Creative Non-Violence v. Reid, 490 U.S. 730, 751, 109 S. Ct. 2166, 104 L. Ed. 2d 811 (1989). See Eisenberg v. Advance Relocation & Storage, Inc., 237 F.3d 111, 113-14 (2d Cir. 2000); Harrington, 2010 WL 2178504, at *2. These factors are:

> [1] the hiring party's right to control the manner and means by which the product is accomplished . . . [;] [2] the skill required; [3] the source of the instrumentalities and tools; [4] the location of the work; [5] the duration of the relationship between the parties; [6] whether the hiring party has the right to assign additional projects to the hired party; [7] the extent of the hired party's discretion over when and how long to work; [8] the method of payment; [9] the hired party's role in hiring and paying assistants; [10] whether the work is part of the regular business of the hiring party; [11] whether the hiring party is in business; [12] the provision of employee benefits; [13] and the tax treatment of the hired party.

Reid, 490 U.S. at 751-52, 109 S. Ct. at 2178-79, 104 L. Ed. 2d 811.

"In balancing the Reid factors, a court must disregard those factors that, in light of the facts of a particular case, are (1) irrelevant or (2) of 'indeterminate' weight . . . ." Eisenberg, 237 F.3d at 114. Further, it is important to note

6

that no single factor is dispositive, and the "greatest emphasis" is placed on the hiring party's right to control the "manner and means" by which the product is accomplished. Id.

As to remuneration, Plaintiff has amended his Complaint to assert that he was paid by the New York State Comptroller acting as Defendant's agent. (Am. Compl. ¶ 9.) Plaintiff further alleges the wages he received from the New York State Comptroller were remuneration for work Plaintiff performed at Defendant's premises. (Am. Compl. ¶ 10.) The pay stubs that Plaintiff has provided, which are incorporated into the Complaint by reference, do indeed show hourly wages from the Comptroller with Defendant as the return addressee. (See O'Neill Decl., Docket Entry 6, Ex. A.)

Neither party has submitted any case law regarding whether an alleged agency relationship and payment arrangement such as the ones Plaintiff herein alleges are sufficient to show remuneration. Nonetheless, the limited precedent on this topic suggests that Plaintiff's allegations are sufficient, at least at this stage, to assert remuneration as Defendant's employee. See Harrington v. Potter, No. 09-CV-1322, 2010 WL 2178504, at *2 (N.D.N.Y. May 28, 2010) (finding that allegations that the plaintiff worked for the defendant or was a contract worker for defendant sufficiently supported an inference of discrimination); Deshpande, 2010 WL 1539745, at *12 (noting the

7

plaintiff's allegations of an agency relationship); Gaffney v. Dep't of Info. Tech. & Telecomm., 536 F. Supp. 2d 445, 461 (S.D.N.Y. 2008) ("[D]rawing all inferences in favor of Plaintiffs, the remuneration threshold is met because DOITT transferred funds to Foundation for the salary and benefit payments of Foundation Line Employees. In this role, Foundation served as an administrator, [and] compensated Stewart and Kalembwe with funds provided by DoITT.").

Thus, turning to the Reid factors, the Court initially notes that, although the Amended Complaint addresses a number of factors, it is also silent as to a number of factors as well. Specifically, the Amended Complaint does not raise any specific allegations as to the third, sixth, seventh, ninth, twelfth, and thirteenth factors. This is not fatal to Plaintiff's case, however. In fact, the Reid factors require a factual inquiry and balancing inappropriate at the motion to dismiss stage. See Harrington, 2010 WL 2178504, at *3 (holding that "whether each Reid factor is present or absent in a particular case is a question of fact" and that this "factual determination cannot be made on the instant motion because it requires review of evidence beyond the allegations in the Complaint").

Accordingly, Plaintiff need not allege much in order to overcome Defendant's motion. Here, Plaintiff has sufficiently alleged the first factor, arguably the most

8

important. See Roginsky v. Cnty. of Suffolk, N.Y., 729 F. Supp. 2d 561, 567 (E.D.N.Y. 2010) ("The most important factor is the first one: manner and means."). The Amended Complaint asserts that Plaintiff worked "under the direction of Defendant's employees, agents or other SFE employees working under the ultimate control and direction of Defendant's employees or agents." (Am. Compl. ¶ 10.) Though the Amended Complaint is somewhat sparse, the allegations are enough. See Roginsky, 729 F. Supp. 2d at 568 (finding the plaintiff's allegations that the defendant instructed that plaintiff be fired and that defendant thereafter sent around a relevant memo to be sufficient); see also Bernstein v. Seeman, 593 F. Supp. 2d 630, 634 (S.D.N.Y. 2009) (allegations that the defendant "had direct and numerous involvements related to the discrimination against" the plaintiff were sufficient (internal quotation marks and citation omitted)).

Moreover, Plaintiff has also pleaded additional factors that plausibly suggest that he is an employee of Defendant.[2] For example, Plaintiff alleges that he performed work on Defendant's premises (Am. Compl. ¶ 10) and that he was paid hourly (Am. Compl. ¶ 9). See, e.g., Eisenberg, 237 F.3d at 119 ("Compensation primarily or exclusively on the basis of time

---

[2] The Court notes, though, that some other factors may not necessarily weigh in Plaintiff's favor.

9

worked (rather than on the basis of projects completed) suggests that a worker is an employee.").

Accordingly, Defendant's motion to dismiss based on Plaintiff's failure to allege that he is an employee of Defendant is DENIED.

B. Plaintiff's Title VII Claim

Next, Defendant argues that, even if Plaintiff has sufficiently alleged that he is an employee of Defendant, he has not otherwise stated a claim for Title VII racial discrimination. Specifically, Defendant argues that it is clear that Plaintiff is alleging discriminatory behavior by those in his union rather than by Defendant.[3] (Def.'s Br. at 9-10.) The Court agrees with Defendant that Plaintiff has not sufficiently stated a claim for racial discrimination.

To establish a prima facie case of discrimination, a plaintiff must show that: (1) he is a member of a protected class; (2) he was qualified for the position; (3) he suffered an adverse employment action; and (4) the adverse employment action occurred under circumstances giving rise to an inference of discrimination. See Feingold v. New York, 366 F.3d 138, 152 (2d

---

[3] In support of this argument, Defendant cites to the NYSDHR's findings. The NYSDHR's order, however, was neither referenced in the Amended Complaint nor is it relied upon. In any event, "unreviewed decisions of state administrative agencies will not bar a subsequent de novo trial under Title VII in federal court." Kosakow v. New Rochelle Radiology Assocs., 274 F.3d 706, 728 (2d Cir. 2001).

10

Cir. 2004); see also McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802, 93 S. Ct. 1817, 1824, 36 L. Ed. 2d 668 (1973).

The Supreme Court has held, however, that a plaintiff need not plead the elements of a prima facie case in his or her complaint. Swierkiewicz v. Sorema N.A., 534 U.S. 506, 510, 122 S. Ct. 992, 997, 152 L. Ed. 2d 1 (2002) ("The prima facie case under McDonnell Douglas . . . is an evidentiary standard, not a pleading requirement."). Rather, a complaint need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief," and "giv[ing] the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Id. at 512 (quoting FED. R. CIV. P. 8(a)(2)); Conley v. Gibson, 355 U.S. 41, 47, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957) (internal quotation marks omitted).

Thus, reconciling Swierkiewicz with the standards set out in Iqbal and Bell Atl. Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007), although "a complaint need not establish a prima facie case of employment discrimination to survive a motion to dismiss . . ., the claim must be facially plausible and must give fair notice to the defendants of the basis for the claim." Barbosa v. Continuum Health Partners, Inc., 716 F. Supp. 2d 210, 215 (S.D.N.Y. 2010) (internal quotation marks and citation omitted); accord King v. U.S. Sec. Assocs., Inc., No. 11-CV-4457, 2012 WL 4122025, at *4

11

(S.D.N.Y. Aug.22, 2012), adopted by 2012 WL 4327396 (S.D.N.Y. Sept. 18, 2012). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678; accord Turkman v. Ashcroft, 589 F.3d 542, 546 (2d Cir. 2009). "For this conclusion to be drawn, a plaintiff must allege facts that allow the court in substance to infer elements of a prima facie case." King, 2012 WL 4122025, at *5 (collecting cases).

Here, assuming that Plaintiff has sufficiently alleged the first three elements of a prima facie case, he has not adequately pled circumstances giving rise to an inference of discrimination. Plaintiff alleges only that some unknown individual wrote a racial epithet in the portable bathroom. (Am. Compl. ¶ 12.) Notably, Plaintiff assumed that the epithet was directed toward him. (Am. Compl. ¶ 13.) Plaintiff then complained and, shortly thereafter, was fired. (Am. Compl. ¶¶ 15-17.)

Plaintiff's allegations suggest that he may have been fired in retaliation for his complaints, as the Court will discuss shortly. However, there is no indication that Plaintiff was fired based upon any racial animus. See CBOCS West, Inc. v. Humphries, 553 U.S. 442, 459-61, 128 S. Ct. 1951, 170 L. Ed. 2d 864 (2008) ("When an individual is subjected to reprisal because

12

he has complained about racial discrimination, the injury he suffers is not on account of his race; rather, it is the result of his conduct."). Nor is it even clear if anyone from either the Defendant or the union had anything whatsoever to do with the racial comment. As abhorrent as the written comment may have been, there is simply nothing to connect any actions or omissions by Defendant or its employees to any racial bias whatsoever. See Payne v. Malemathew, No. 09-CV-1634, 2011 WL 3043920, at *2 (S.D.N.Y. July 22, 2011) (dismissing Title VII claim because "[n]o effort has been made to tie [plaintiff's] termination to his religion, color or national origin"); Reyes v. Fairfield Props., 661 F. Supp. 2d 249, 269 (E.D.N.Y. 2009) ("Even liberally construed, plaintiffs' complaint fails to allege any facts relating to race, other than a conclusory statement that defendants retaliated and discriminated against plaintiffs based on their being African-American, which is insufficient under Iqbal.").

Accordingly, Defendant's motion to dismiss Plaintiff's Title VII racial discrimination claim is GRANTED. As the Court finds that any amendment in this regard would be futile, this claim is DISMISSED WITH PREJUDICE.

C. Plaintiff's Retaliation Claim

Finally, Defendant also moves to dismiss Plaintiff's Title VII retaliation claim because: (1) the only alleged

13

protected acts were internal complaints and the termination came before Plaintiff filed a charge with the NYSDHR or the EEOC; and (2) Plaintiff lodged complaints only with a union employee, not Defendant. Neither argument is availing.

To state a claim for retaliation under Title VII, a plaintiff must plead facts demonstrating that: "(1) [he] participated in a protected activity known to the defendant; (2) the defendant took an employment action disadvantaging [him]; and (3) there exists a causal connection between the protected activity and the adverse action." Patane v. Clark, 508 F.3d 106, 115 (2d Cir. 2007); accord Kouakou v. Fideliscare N.Y., 920 F. Supp. 2d 391, 400 (S.D.N.Y. Dec. 17, 2012). "As with discrimination claims, however, plaintiff is not required to plead facts sufficient to establish a prima facie case of Title VII retaliation in order to survive a Rule 12(b)(6) motion to dismiss." James v. Countrywide Fin. Corp., 849 F. Supp. 2d 296, 311 (E.D.N.Y. 2012); see also Williams v. N.Y.C. Hous. Auth., 458 F.3d 67, 72 (2d Cir. 2006) ("The Swierkiewicz holding applies with equal force to any claim, including retaliation claims . . ., that the McDonnell Douglas framework covers."). Rather, Plaintiff need only provide facts that give the defendant "fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz, 534 U.S. at 512.

Defendant's first argument pertains to whether Plaintiff has adequately pled a protected activity. Specifically, Defendant relies upon Townsend v. Benjamin Enterprises, Inc., 679 F.3d 41 (2d Cir. 2012) for the proposition that informal, internal complaints such as those Plaintiff alleges here are insufficient. (Def.'s Br. at 11.) A brief review of Townsend and its progeny, however, reveals the weakness of this argument. Townsend specifically noted that Section 704(a) of Title VII contains

> both an opposition clause and a participation clause, making it unlawful for an employer to retaliate against an individual "because he has opposed any practice made an unlawful employment practice by this subchapter, or because he has made a charge, testified, or assisted, or participated in any manner in an investigation, proceeding, or hearing under this subchapter."

679 F. 3d at 48 (quoting 42 U.S.C. § 2000e-3(a)). Townsend's ruling pertained solely to the participation clause, holding that participation in an "investigation, proceeding, or hearing" required something more than a mere internal investigation. Id. at 49; see Grant v. N.Y. State Office for People with Developmental Disabilities, No. 12-CV-4729, 2013 WL 3973168, at *8 n.7 (E.D.N.Y. July 30, 2013) ("Townsend's holding is inapplicable to claims under the opposition clause, which

15

undoubtedly encompasses informal complaints of discrimination.").

Here, though, Plaintiff's allegations relate to the opposition clause. Plaintiff alleges that he opposed what he believed to be racially discriminatory practices through internal complaints. (Am. Compl. ¶¶ 14-16.) Informal complaints plainly satisfy protected activity under the opposition clause of Section 704(a). See Lewis v. N.Y. City Transit Auth., --- F. Supp. 2d ----, 2014 WL 1343248, at *20 (E.D.N.Y. Mar. 31, 2014) ("'When an employee communicates to her employer a belief that the employer has engaged in a form of discrimination, that communication virtually always constitutes the employee's opposition to the activity.'" (quoting Crawford v. Metro Gov't of Nashville & Davidson Cnty., 555 U.S. 271, 276, 129 S. Ct. 846, 851, 172 L. Ed. 2d 650 (2009)); St. Juste v. Metro Plus Health Plan, --- F. Supp. 2d ----, 2014 WL 1266306, at *26 (E.D.N.Y. Mar. 28, 2014) ("The complaint can be informal--an employee does not need to lodge a formal complaint of discrimination."); Whethers v. Nassau Health Care Corp., 956 F. Supp. 2d 364, 381 (E.D.N.Y. 2013) (The opposition clause "can include informal protests of discriminatory employment practices, including making complaints to management . . . ." (internal quotation marks and citation omitted)). Accordingly, Defendant's argument in this regard is patently flawed.

Defendant additionally asserts that Plaintiff complained only to union employees and that there is no indication that Defendant or its employees knew anything of Plaintiff's complaints. (Def.'s Br. at 12.) Plaintiff lodged complaints with his foreman as well as his union shop steward and the Vice President of his Union. (Am. Compl. ¶¶ 14, 16.) As Plaintiff correctly notes, "this argument presupposes . . . that [P]laintiff's foreman was not an employee of defendant." (Pl.'s Opp. Br. at 13.) Whether the foreman--or any other individual--was an employee of Defendant requires a factual inquiry in which the Court cannot engage at this stage.

Accordingly, Defendant's motion to dismiss Plaintiff's retaliation claim is DENIED.

## CONCLUSION

For the foregoing reasons, Defendant's motion to dismiss Plaintiff's Amended Complaint is GRANTED IN PART and DENIED IN PART. It is GRANTED as to Plaintiff's Title VII racial retaliation claim, which is DISMISSED WITH PREJUDICE. Defendant's motion is otherwise DENIED.

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated: September __16__, 2014
      Central Islip, NY