```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
ANTHONY KNIGHT,

                Plaintiff,         MEMORANDUM & ORDER
                                   13-CV-0481(JS)(GRB)
      -against-

STATE UNIVERSITY OF NEW YORK
AT STONY BROOK,

                Defendant.
----------------------------------X
APPEARANCES:
For Plaintiff
Anthony Knight:         Michael G. O'Neill, Esq.
                        Benjamin Lewis Federici, Esq.
                        Kevin Robert Schneider, Esq.
                        Law Office of Michael G. O'Neill
                        30 Vesey Street, Suite 301
                        New York, NY 10007

For Defendant
Stony Brook:            Richard H. Yorke, Esq.
                        Toni E. Logue, Esq.
                        New York State Attorney General
                        200 Old Country Road
                        Mineola, NY 11501
```

SEYBERT, District Judge:

Currently pending before the Court is Plaintiff's motion in limine. (Pl.'s Mot., Docket Entry 55.) Plaintiff seeks to preclude: (1) Exhibit AA, Exhibit BB and the testimony of Douglas Little, Tony Apollaro, Fred Nemecek and William Geiss relating to Plaintiff's prior and subsequent work experience; (2) the testimony of Douglas Little, Tony Apollaro, Fred Nemecek, William Geiss, Marjolie Leonard and Tracy Haas, who were not included in Defendant's Rule 26 disclosures; and (3) cross-examination of

Plaintiff regarding Exhibit BB.  (Pl.'s Mem., Docket Entry 56, at 2-5.)  Plaintiff's motion is GRANTED IN PART and DENIED IN PART.

<u>First</u>, the Court finds that Exhibit AA, Exhibit BB and the testimony of Little, Apollaro, Nemecek and Geiss should be precluded based on their lack of relevance.  Evidence is relevant if "(a) it has any tendency to make a fact more or less probable than it would be without that evidence; and (b) the fact is of consequence in determining the action."  Fed. R. Evid. 401.  Although the exhibits and testimony tend to show that Plaintiff has a history of customer complaints, such a showing does not constitute a "fact of consequence in determining this action."  <u>See</u> F<small>ED</small>. R. E<small>VID</small>. 401.  To state a claim for retaliation, the plaintiff must demonstrate: "(1) participation in an activity protected by federal discrimination statute; (2) the defendant was aware of this activity; (3) an adverse employment action; and (4) a causal connection between the alleged adverse action and the protected activity."  <u>Dall v. St. Catherine of Siena Med. Ctr.</u>, 966 F. Supp. 2d 167, 192 (E.D.N.Y. 2013).  The quality of Plaintiff's electrical work before and after his time working at Stony Brook has no bearing on his claim.  <u>See, e.g.</u>, <u>Henry v. Morgan's Hotel Group</u>, No. 15-CV-1789, 2016 WL 303114, at *3-4 (S.D.N.Y. Jan. 25, 2016); <u>Ireh v. Nassau Univ. Med. Ctr.</u>, No. 06-CV-0009, 2008 WL 4283344, at *5 (E.D.N.Y. Sept. 17, 2008); <u>Zubulake v. UBS Warburg LLC</u>, 382 F. Supp. 2d 536, 540-43 (S.D.N.Y. 2005).

Further, this evidence does not support any argument that Plaintiff was terminated for a non-retaliatory reason. Plaintiff's work experience after his termination in 2011 could not have had any impact on Defendant's decision to terminate him, and Defendant was not aware of any prior complaints until after Plaintiff's termination.

Accordingly, Defendant is precluded from introducing Exhibit AA and Exhibit BB and eliciting testimony from Douglas Little, Tony Apollaro, Fred Nemecek and William Geiss. The Court defers decision on whether Plaintiff's work experience is relevant to the calculation of damages until the damages phase of the trial. To the extent Defendant wishes to present evidence regarding its inability to conduct a background check, Defendant will not be permitted to present evidence of what a hypothetical background check would have revealed about Plaintiff's work history.

Second, although Plaintiff argues that the testimony of Marjolie Leonard should be precluded pursuant to Federal Rule of Civil Procedure 37(c)(1), the Court finds that her testimony should be precluded on relevance grounds. The administrative procedures of the employer are not relevant to the factors specified in Comty. for Creative Non-Violence v. Reid, 490 U.S. 730, 751, 109 S. Ct. 2166, 104 L. Ed. 2d 811 (1989), regarding whether a plaintiff is an employee for Title VII purposes. Thus, Defendant is precluded from eliciting testimony from Marjolie Leonard. As Defendant

3

indicated that it will not call Tracy Haas as a witness, the Court denies Plaintiff's request to preclude her testimony as moot.

Third, the Court finds that because evidence of Plaintiff's work history has been precluded, Defendant is not permitted to cross-examine Plaintiff regarding his prior or subsequent employment or the alleged history of customer complaints. The existence of any complaints against Plaintiff is not relevant to Plaintiff's claims or any defenses, and none of the alleged complaints relate to his performance at Stony Brook.

However, the Court's determination does not preclude Defendant from addressing Plaintiff's work history and/or customer complaints for purposes of impeaching credibility. Under those circumstances, Defendant will be limited to questioning only and may not introduce extrinsic evidence. FED. R. EVID. 608(B).

The Court notes that the parties have filed letters regarding the calculation of back pay. (Pl.'s Ltr., Docket Entry 62; Def.'s Ltrs. Docket Entries 63-64.) The Court will address that issue during the damages phase of the trial.

[BOTTOM OF PAGE INTENTIONALLY LEFT BLANK]

## CONCLUSION

For the foregoing reasons, Plaintiff's motion in limine (Docket Entry 55) is GRANTED IN PART and DENIED IN PART.

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated: December  2 , 2016
       Central Islip, New York